IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGE HOLMES § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 18-cv-4251 |
| § | |
| LAW OFFICES OF DAVID W. § | |
| SHOWALTER LLP, § | |
| DAVID W. SHOWALTER, P.C., and § | |
| DAVID W. SHOWALTER § | |
| § | JURY TRIAL DEMANDED |
| *Defendants.* § | |
| § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW George Holmes ("Holmes" or "Plaintiff"), and complains of Law Offices of David W. Showalter LLP ("Showalter Law Firm"), David W. Showalter, P.C. ("Showalter P.C."), and David W. Showalter ("Showalter") (collectively "Defendants"), and for his cause of action would respectfully show the Court as follows:

### I. SUMMARY

1. Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Holmes, a paralegal, overtime when he worked over 40 hours in a week. Instead, Defendants paid Holmes on a fixed salary basis. Accordingly, Holmes is entitled to back wages for unpaid overtime, liquidated damages, and other relief.

### II. PARTIES

2. Plaintiff George Holmes is an individual residing in Texas.

3. Defendant Law Offices of David W. Showalter LLP is a Limited Partnership[1] with a principal place of business in the Southern District of Texas.  It operates under the assumed name of Showalter Law Firm.  It may be served with process by serving its registered agent, David W. Showalter, 1117 FM 359, Suite 200, Richmond, Texas 77469-2013.

4. David W. Showalter, P.C. is a Professional Corporation with a principal place of business in the Southern District of Texas.  It is the sole general partner of Law Offices of David W. Showalter LLP.  It may be served with process by serving its registered agent, David W. Showalter, 1117 FM 359, Suite 200, Richmond, Texas 77469-2013.

5. David W. Showalter is an individual residing in the Southern District of Texas.  He may be served at 1117 FM 359, Suite 200, Richmond, Texas 77469-2013, or anywhere else he may be found.

### III. NATURE OF ACTION

6. This is an action filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. to recover unpaid wages and other damages owed by Defendant to Plaintiff.

### IV. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

8. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants have a principal place of business in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas.

### V. FACTUAL BACKGROUND

9. Plaintiff worked for Defendants for several years as a paralegal and performed typical paralegal-related duties.

---

[1] Even though this entity contains "LLP" in its name, it is registered as a Limited Partnership with the Texas Secretary of State.

10. Defendants paid Plaintiff on a salary-basis regardless as to the number of hours he worked.

11. Defendants did not pay Plaintiff an overtime rate for hours worked over 40 per week. Instead, Plaintiff received the same weekly salary each week.

12. As a paralegal, Plaintiff was not exempt from the overtime requirements of the FLSA.

13. The Department of Labor has issued guidance confirming that paralegals such as Plaintiff are not exempt from the overtime requirements of the FLSA.

14. Defendants had no reason to consider Plaintiff exempt from the overtime requirements mandated by the FLSA.

15. Showalter is a licensed attorney in Texas and knows Plaintiff was entitled to overtime compensation if he worked over 40 hours per week. Regardless, Showalter chose to not pay Plaintiff any overtime.

16. Although the exact amount of hours Plaintiff worked each week varied, on average he worked about 45 – 50 hours per week.

17. Despite the fact that Plaintiff worked over 40 hours per week, he was not paid an overtime rate by Defendants.

18. Defendants did not maintain accurate records of Plaintiff's actual time worked.

19. Showalter Law Firm is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(b), (r).

20. Showalter Law Firm is an employer as defined by the FLSA. 29 U.S.C. § 203(d).

21. Showalter Law Firm has annual gross business of over $500,000.

22. Showalter Law Firm employed Plaintiff at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

23. Showalter P.C. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(b), (r).

24. Showalter P.C. is an employer as defined by the FLSA.  29 U.S.C. § 203(d).

25. Showalter P.C. has annual gross business of over $500,000.

26. Showalter P.C. employed Plaintiff at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

27. At all material times, Showalter had authority over personnel decisions for Showalter Law Firm and/or Showalter P.C.

28. At all material times, Showalter had authority over payroll decisions for Showalter Law Firm and/or Showalter P.C.

29. At all material times, Showalter had authority to hire and fire employees for Showalter Law Firm and/or Showalter P.C.

30. At all material times, Showalter owned, managed, and operated Showalter Law Firm and/or Showalter P.C.

31. At all material times, Showalter had operational control over Showalter Law Firm and/or Showalter P.C.

32. Showalter is considered an employer within the meaning of section 3(d) of the FLSA and is individually and personally liable for any judgment assessed in this action.  *See* 29 U.S.C. § 203(d); 29 C.F.R. 791.2(a); *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012).

33. Showalter, Showalter P.C., and Showalter Law Firm are joint employers of Plaintiff.

34. In performing his duties for Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

35. Plaintiff was entitled to overtime at one-and-one-half times his regular rate of pay for all hours worked in excess of forty in a workweek.  Defendants failed to pay Plaintiff for this overtime.

36. Defendants did not maintain accurate time records of the time worked by Plaintiff; however, his work time may be determined by at least the following: a) Plaintiff's sent emails in possession of

Defendants; b) Plaintiff's billing records submitted used for purposes of invoicing Defendants' clients; c) testimony by Plaintiff and other employees of Defendants; d) testimony of former attorneys who worked for Defendants; e) electronic records from the computer(s) utilized by Plaintiff during his employment, including login and logout records and other forensic evidence from such computer(s); d) building entry and exit records; and e) other documents in Defendants' possession.

37. Defendants' practices of failing to pay overtime compensation violate the FLSA.

38. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

39. Defendants did not take any affirmative or proactive steps to make sure they were in compliance with the FLSA.

40. Defendants did not act in good faith in attempting to comply with the FLSA.

41. Defendants' willfully violated the FLSA.

### VI. CAUSE OF ACTION – FLSA VIOLATION

42. Plaintiff hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein.

43. Defendants had an obligation to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours he worked in excess of forty in a given workweek.

44. Plaintiff also seeks, and is entitled to recover, liquidated damages on his claims under the FLSA. *See* 29 U.S.C. § 216(b). Defendants did not act in good faith when failing to pay Plaintiff in accordance with the requirements of the FLSA.

45. Defendants also willfully violated the FLSA and/or showed reckless disregard when attempting to comply with the FLSA. Therefore, Plaintiff is entitled to overtime and liquidated damages for up to three years from the date this lawsuit is filed.

46. Plaintiff is also entitled to recover attorney's fees because of Defendants' FLSA violation. *See* 29 U.S.C. § 216(b).

5

## VII.  JURY DEMAND

47. Plaintiff demands a trial by jury.

## VIII.  DAMAGES

48. As a result of the above mentioned actions, Plaintiff seeks the following damages:

   a. Unpaid overtime wages, as provided under the FLSA;

   b. Liquidated damages under the FLSA;

   c. Reasonable and necessary attorneys' fees;

   d. Court costs;

   e. Prejudgment and post-judgment interest.

## IX.  PRAYER

Wherefore, premises considered, Holmes respectfully prays that Defendants be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of this Court, which shall include all above mentioned damages and any other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

Dated:  November 8, 2018            SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Federal ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

*Attorney for Plaintiff*